UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

RASHAUN FERGUSON,

               Plaintiff,

                                                  **COMPLAINT**

      -against-

THE CITY OF NEW YORK, DETECTIVE
JAEGER, DETECTIVE MICHAEL GILDEA
SHIELD # 465 and UNIDENTIFIED MEMBERS    **JURY TRIAL DEMANDED**
OF THE NYPD all sued herein in their individual
capacities,

               Defendants.

--------------------------------------------------------X

          Plaintiff, by his attorney, Fred Lichtmacher of The Law Office of Fred

Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

      1.     This action arises under 42 U.S.C. §1983 and the Fourth, Fifth, Sixth and

Fourteenth Amendments to the United States Constitution.  Subject matter jurisdiction is

conferred by 28 U.S.C. §1331 and §1343 (a)(3 & 4) and this Court has jurisdiction to hear

Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

      2.     Pursuant to 28 U.S.C. §1391(b)(1), venue is proper in the Eastern District

of New York.

## PARTIES

      3.     Plaintiff Rashaun Ferguson is an African American male, who at all times

relevant, was a resident of Queens County in the City and State of New York.

4.      Defendant City of New York is a Municipal Corporation within New York State.

5.      Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.

6.      At all times relevant, the City of New York employed the defendant detectives more fully identified below.

7.      Defendants Detectives Jaeger and Gildea, as well as Unidentified Members of the NYPD, are liable for directly participating and/or failing to intervene to prevent the acts described herein and are sued in their individual capacities and were at all times relevant state actors acting under color of law.

8.      The Defendant Detectives as well as Unidentified Members of the NYPD were agents, servants and employees of the City of New York and at all times relevant were acting within the scope of their employment.

9.      Defendant City of New York is vicariously liable to the Plaintiff for the individual Defendants' common law torts via the principle of *respondeat superior*.

10.     New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## CONDITIONS PRECEDENT

11.     On or about October 18, 2017, and within ninety days after the claims arose, Plaintiff filed a Notice of Claim upon Defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

12.     The Notice of Claim was in writing and sworn to by the Plaintiff, and contained the name and post office address where correspondence can be received by the Plaintiff and by Plaintiff's attorney.

13.     The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claim arose, and damage and injuries claimed to have been sustained.

14.     To date, no hearing pursuant to 50-h Hearing has been noticed or conducted.

15.     More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

16.     This action is commenced within one year and ninety days after the happening of the events upon which the state claims are based and within three years of when Plaintiffs' federal causes of action arose.

17.     Defendant City of New York is vicariously liable to the Plaintiff for the individual Defendants' common law torts via the principle of *respondeat superior*.

18.     New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

**FACTS UNDERLYING
PLAINTIFF'S CLAIMS FOR RELIEF**

19.     On January 27, 2014 at 51-49 Almeda 3C Far Rockaway NY 11691 the Defendants knowingly caused the Plaintiff to be arrested on eight false charges, including murder.

20.     The Defendants, who participated in the investigation and prosecution of the Plaintiff, knew shortly after the shooting that the Plaintiff was not guilty of the crimes alleged, as they spoke with several witnesses whose description of the murderer clearly did not match the description of the Plaintiff.

21.     One witness described the murderer as 5'9, 175 pounds, and light-skinned. Plaintiff is 6'4, 160 pounds, and dark-skinned.

22.     Defendants in their investigation were able to determine what the murderer looked like, including his height, skin tone, hair style, physical build and the clothes he was wearing.

23.     Plaintiff did not resemble the murderer in any way.

24.     Nevertheless, despite being aware the Plaintiff was innocent, the Defendants, who knew the Plaintiff previously, with the intent to obtain an indictment and conviction of the innocent Plaintiff, withheld witness's names who were favorable to the Plaintiff.

25.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, withheld and in some instances either destroyed or allowed to be destroyed exculpatory documents.

26.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, intentionally failed to generate mandated documents which would have been exculpatory.

27.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, intentionally withheld the results of tests conducted which, upon

-4-

information and belief, concluded with exculpatory results, including but not limited to the "fuming" of a vehicle the Defendants falsely accused the Plaintiff of being brought to the scene of the murder in.

28.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, failed to inform the Assistant District Attorney, the Court or Plaintiff's counsel that witnesses who viewed the murder and the murderer did not identify the Plaintiff as the murderer, or even as being present at the scene of the crime.

29.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, intentionally misled, coerced and pressured witnesses to identify the Plaintiff as the murderer, and upon information and belief, some of the misled, coerced and pressured witnesses testified to the grand jury, resulting in the indictment of the innocent Plaintiff.

30.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, showed some of the witnesses only one photograph of suspects, that being a photograph of the Plaintiff.

31.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, showed an eyewitness a photo array and told the witness that everyone was choosing photo #1, which was a photograph of the Plaintiff.

32.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, added writing to a photo array which was not there when the witness signed the photo array.

33.     The Defendants, with the intent to obtain the indictment and conviction of

-5-

the innocent Plaintiff, intentionally arranged to conduct a highly suggestive lineup.

34.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, intentionally failed to take possession of and provide to the District Attorney, the Court, and to Plaintiff's attorney an exculpatory video.

35.     The Defendants had viewed the video of the shooting with the principal of the local high school and the video demonstrated that the murderer was someone other than the Plaintiff.

36.     The Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, intentionally failed to make the Office of the District Attorney, the Court, and Plaintiff's attorney aware that the principal of the local high school had seen the exculpatory video and knew its contents to be exculpatory.

37.     Upon information and belief, the Defendants, with the intent to obtain the indictment and conviction of the innocent Plaintiff, allowed the exculpatory video to be destroyed and took no measures to preserve it as they were required to do.

38.     The Defendant detectives after seeing the video of the shooting and speaking with the aforementioned principal of the school where the video was taken, failed to generate a complaint informational follow-up (DD5) regarding the information which tended to exonerate the Plaintiff.

39.     As a result of the aforementioned misconduct by the Defendants, as well as due to the Defendants' fraudulent testimony, the Plaintiff was indicted on false charges.

40.     Upon information and belief, the Defendant detectives attempted to and in some cases succeeded in coercing false identifications of the Plaintiff as the murderer, when in

fact, said witnesses informed the Defendants they did not recognize the Plaintiff to be the murderer, and upon information and belief, such witnesses testified before the grand jury.

41.     When the information about the exculpatory video and the principal was discovered, by the investigator for the Plaintiff's criminal attorney, the Defendant detectives disingenuously testified that the video contained an obstructed view of the incident due to the presence of a scaffold, a fact that was blatantly contradicted by the principal who viewed the exculpatory video with the Defendants and who testified at trial on Plaintiff's behalf.

42.     The video depicted the alleged shooter wearing dark jeans which contradicts the testimony of the prosecution's star witness who described the shooter wearing khaki pants.

43.     The murder took place while it was still sunny outside making it possible for the witnesses to have a clear view of the murderer.

44.     The Defendant detectives showed a photo array to the star witness for the prosecution the day of the shooting and at that time he failed to identify the Plaintiff.

45.     The Defendants failed to generate a DD5 from that interview and failed to save the photo array shown to the star witness, which upon information and belief, was destroyed or discarded and both the DD5 and photo array would have contained exculpatory evidence.

46.     The Defendants claim the witness was later able to identify the Plaintiff from a photo array and from a lineup; and the fact that at the first interview the star witness was unable to do so was first elicited at trial.

47.     The Defendant detectives generated their initial DD5 regarding the star witness six weeks after he was first interviewed by them.

48.     The star witness initially identified the shooter as wearing khaki colored pants.

49.     However, after the information about the principal was disclosed, years after the indictment and weeks before trial, it was determined that the principal viewing the video described the shooter as wearing dark colored pants.

50.     The star witness apparently informed of the video and the principal's statement, then changed his prior testimony and placed the shooter in dark colored pants.

51.     The ADA's decision to prosecute the Plaintiff and the resulting indictment occurred due to the ADA being deliberately misled by the Defendants as the ADA was not aware of the following problems with the evidence: the existence of exculpatory evidence; that witnesses were coerced and coached to change their stories by the Defendants; the Defendants suppression of exculpatory evidence; the Defendants not disclosing laboratory results; the Defendants not generating exculpatory DD5's; fraud; perjury and other bad-faith police misconduct.

52.     After a lengthy trial and after having spent three years and nine months in jail, the Plaintiff was acquitted of all charges on October 16, 2017 and he was finally released from prison.

## FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
## PURSUANT TO 42 U.S.C. § 1983
## VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
## VIA MALICIOUS PROSECUTION

53.     Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

54.    By reason of the forgoing, the individual Defendants violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, via a malicious prosecution.

55.    Plaintiff was subjected to a malicious prosecution by the Defendants who caused and continued his arrest and indictment, without probable cause, the arrest was effected with malice and the charges terminated in Plaintiff's favor via an acquittal.

56.    Plaintiff was charged with eight crimes, including murder, and was acquitted on all counts.

57.    The indictment of the Plaintiff was obtained without the ADA being aware of the bad faith misconduct of the Defendant detectives.

58.    Plaintiff's indictment was procured due to: false testimony coerced by the Defendants, the hiding of exculpatory evidence by the Defendants, the fraudulent misrepresentation of the contents of evidence by the Defendants, the Defendants destroying or allowing to be destroyed exculpatory evidence, the Defendants failing to generate documents exculpatory in nature, the Defendants coercing witnesses to give false testimony to the grand jury and at trial, the Defendants coercing witnesses to change their testimony, as well as by other fraudulent activities of the Defendants.

59.    Defendants' actions resulted in the Plaintiff being arrested, handcuffed, indicted, spending three years and nine months in jail, being forced to appear in court numerous times over a three year nine month period, having to stand trial for crimes all of which he did not commit–including murder–which could have resulted in him being incarcerated for most of his adult life.

60.     Plaintiff suffered from being incarcerated, from the fear of going to jail for what could have been most or all of his life, he suffered anxiety, he was subjected to defamation in his community, he incurred pecuniary harms, his education was interfered with, his opportunity to begin a career was interfered with, he incurred the expenses associated with defending himself against a murder and other charges, he was forced to appear in court repeatedly, he suffered severe emotional harms and he was otherwise harmed.

61.     By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, an award of punitive damages against the Defendant detectives and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
PURSUANT TO 42 U.S.C. § 1983
VIOLATION OF PLAINTIFF'S
FOURTH, FIFTH AND SIXTH AMENDMENT RIGHTS
AND DEPRIVATION OF HIS DUE PROCESS RIGHTS
PURSUANT TO THE FOURTEENTH AMENDMENT
VIA DENIAL OF A FAIR TRIAL**

62.     Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

63.     Plaintiff's rights were violated pursuant to Fourth, Fifth and Sixth Amendments made applicable to the states pursuant to the Fourteenth Amendment, as well as pursuant to the due process clause of the Fourteenth Amendment to the United States constitution via the denial of a fair trial.

64.     The Defendant detectives as investigating officials fabricated evidence that

was likely to influence a jury's decision, forwarded that information to prosecutors, and the Plaintiff suffered a deprivation of liberty as a result.

65.     The Defendants procured the indictment of the Plaintiff by fraud, perjury, the suppression of evidence and other police conduct undertaken in bad faith and the Defendants failed to inform the ADA of flaws in the evidence they caused to be forwarded to him resulting in Plaintiff's indictment and prosecution at trial.

66.     Plaintiff's indictment was procured by: false testimony coerced by the Defendants, the hiding of exculpatory evidence by the Defendants, the fraudulent misrepresentation of the contents of evidence by the Defendants, the Defendants destroying or allowing to be destroyed exculpatory evidence, the Defendants failing to generate documents exculpatory in nature, the Defendants coercing witnesses to give false testimony to the grand jury and at trial, the Defendants coercing witnesses to change their testimony, as well as by other fraudulent activities of the Defendants and none of these bad acts were known to the ADA who prosecuted the Plaintiff premised on the information the Defendants provided.

67.     Plaintiff suffered from being incarcerated, the fear of going to jail for what could have been most or all of his life and anxiety; he was subjected to defamation in his community; he incurred pecuniary harms including the expenses associated with defending himself against false criminal charges; his education was interfered with; his opportunity to begin a career was interfered with; he was forced to appear repeatedly in court; he suffered severe emotional harms and he was otherwise harmed.

68.     The indictment of the Plaintiff was obtained without the ADA being aware of the bad faith misconduct of the Defendant detectives.

69.    The individual Defendants acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to Plaintiff's rights and his well-being.

70.    By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS an award of punitive damages against the Defendant detectives is appropriate and an award of attorneys' fees is appropriate pursuant to 42U.S.C. §1988.

**THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
PURSUANT TO 42 U.S.C. § 1983
VIOLATION OF PLAINTIFF'S NEW YORK STATE COMMON LAW  RIGHT
NOT TO BE SUBJECTED TO A
<u>MALICIOUS PROSECUTION</u>**

71.    Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

72.    At all times relevant the Defendant detectives were acting in their roles as employees of the Defendant City of New York, and the City of New York is liable to the Plaintiff for the Defendant detective's acts via the legal principle of *respondeat superior*.

73.    By reason of the forgoing, the Plaintiff's right guaranteed by the common law of the State of New York not to be subjected to a malicious prosecution have been violated.

74.    Plaintiff was subjected to a malicious prosecution by the Defendant City of New York which caused and continued his arrest and indictment, without probable cause, the arrest was effected with malice and the charges terminated in Plaintiff's favor via an acquittal.

75.    Plaintiff was charged with eight crimes including murder and he was

-12-

acquitted on all counts.

76.     Plaintiff's indictment was procured due to false testimony coerced by the Defendant's agents; due to their hiding exculpatory evidence; due to their fraudulent misrepresentation of the contents of evidence; due to their destroying or allowing to be destroyed exculpatory evidence; due to their failing to generate documents exculpatory in nature; due to their coercing witnesses to give false testimony to the grand jury and at trial; due to their coercing witnesses, upon information and belief, to change testimony to the grand jury as well as at trial as well as due to various other fraudulent activities.

77.     Defendant City of New York's actions resulted in the Plaintiff being arrested, handcuffed, indicted, spending three years and nine months in jail, being forced to appear in court numerous times over a three year nine month period, having to stand trial for crimes all of which he did not commit–including murder–and which could have resulted in him being incarcerated for most of or the rest of his adult life.

78.     Plaintiff suffered was subjected to defamation in his community, he incurred pecuniary harms, his education was interfered with, his opportunity to begin a career was interfered with, he incurred the expenses associated with defending himself against a murder and other charges, he was forced to appear in court repeatedly, he suffered severe emotional harms and he was otherwise harmed.

79.     By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.


**WHEREFORE,** Plaintiff respectfully requests that judgment be entered as follows:

(A)     Declaratory relief finding that Plaintiff's rights under the United

        States Constitution were violated;

(B)     Compensatory damages of FIVE MILLION ($5,000,000.00)

        DOLLARS;

(C)     By reason of the wanton, willful and malicious character of the

        conduct complained of herein, Plaintiff is entitled to awards of

        punitive damages on Plaintiff's federal actions for malicious

        prosecution and denial of a fair trial against the Defendant

        detectives;

(D)     An award to Plaintiff of the costs and disbursements herein;

(E)     An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and

        proper.

Dated: November 22, 2017
       New York, New York

                                    _____/ s /_____
                                    Fred Lichtmacher (FL-5341)
                                    The Law Office of Fred Lichtmacher P.C.
                                     *Attorneys for Plaintiff*
                                    116 West 23rd Street Suite 500
                                    New York, New York 10011
                                    (212) 922-9066

To:    The City of New York
       Zachary Carter
       Corporation Counsel NYC
       Attorneys for NYC
       100 Church Street
       New York, New York 10007

-14-

To:     DETECTIVE JAEGER
        1 Police Plaza
        New York, New York 10007

To:     DETECTIVE MICHAEL GILDEA SHIELD # 465
        1 Police Plaza
        New York, New York 10007