Index No. 17-CV-6871 (ENV)(SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RASHAUN FERGUSON,

            Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE JAEGER, DETECTIVE MICHAEL GILDEA SHIELD # 464 and UNIDENTIFIED MEMBERS OF THE NYPD all sued herein in their individual capacities,

            Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

*GEORGIA M. PESTANA*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Geoffrey Stannard*
*Tel: (212) 356-2409*
*Matter #: 2017-067771*

# TABLE OF CONTENTS

                                      **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

    POINT I

        PLAINTIFF HAS FAILED TO SHOW THAT THERE ARE MATERIAL FACTS IN DISPUTE ..................................... 2

    POINT II

        PLAINTIFF HAS FAILED TO REBUT DEFENDANTS' ARGUMENT THAT THERE WAS PROBABLE CAUSE TO PROSECUTE .......................................... 3

        A. Plaintiff has failed to rebut defendants' argument that Evans's identification provided independent probable cause to prosecute. ........................... 3

        B. Plaintiff has failed to overcome the presumption of probable cause created by his indictment. ....................... 4

        C. Plaintiff has failed to establish malice. ................................. 6

    POINT III

        PLAINTIFF HAS FAILED TO ESTABLISH THAT DEFENDANTS FABRICATED EVIDENCE ............................................. 7

    POINT IV

        PLAINTIFF HAS FAILED TO DISPUTE THAT DETECTIVE GILDEA AND DETECTIVE JAEGER ARE ENTITLED TO QUALIFIED IMMUNITY ................................................................. 10

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                  **Pages**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986) ...............................................................................................................3

Brogdon v. City of New Rochelle,
   200 F. Supp. 2d 411 (S.D.N.Y. 2002) ....................................................................................6

Giannullo v. City of New York,
   322 F.3d 139 (2d Cir. 2003) ....................................................................................................3

Giglio v. Buonnadonna ShopRite,
   LLC, No. 06-CV-5191 (JS)(ARL), 2009 U.S. Dist. LEXIS 90111
   (E.D.N.Y. Sept. 25, 2009) ........................................................................................................3

Greene v. City of New York,
   No. 08-CV-00243 (AMD)(CLP), 2017 U.S. Dist. LEXIS 37243
   (E.D.N.Y. Mar. 15, 2017) .........................................................................................................6

Maldonado v. City of New York,
   2014 U.S. Dist. LEXIS 26239 (S.D.N.Y. Feb. 26, 2014) .........................................................3

Manganiello v. City of New York,
   612 F.3d 149 (2d Cir. 2010) ....................................................................................................4

Morgan v. Cty. of Nassau,
   No. 13-CV-06524 (JMA) (GRB), 2017 U.S. Dist. LEXIS 22992
   (E.D.N.Y. Feb. 17, 2017) .........................................................................................................4

Savino v. City of New York,
   331 F.3d 63 (2d Cir. 2003) ......................................................................................................5

United States v. Valez,
   796 F.2d 24 (2d Cir. 1986)) .....................................................................................................5

Ventillo v. Falco,
   No. 19-CV-03664 (PMH), 2020 U.S. Dist. LEXIS 239540
   (S.D.N.Y. Dec. 18, 2020) ........................................................................................................8

**Statutes**

Local Civil Rule 56.1 ..................................................................................................... 1, 2, 3, 8

42 U.S.C. § 1983 .................................................................................................................... 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RASHAUN FERGUSON,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE JAEGER, DETECTIVE MICHAEL GILDEA SHIELD # 464 and UNIDENTIFIED MEMBERS OF THE NYPD all sued herein in their individual capacities,

                                Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

17-CV-6871 (ENV)(SJB)

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

Plaintiff's opposition to defendants' motion for summary judgment fails to set forth any genuine issue of material fact that precludes summary judgment. Rather than properly responding to the material facts set forth in defendants' Rule 56.1 statement, plaintiff has replied with statements that are irrelevant, extraneous, and non-responsive. In addition, plaintiff has failed to directly respond to virtually any of the arguments in defendants' memorandum of law, and has instead set forth a sprawling, nearly 17-page "Statement of Facts," which does not cite to his Rule 56.1 counterstatement. The majority of these purported facts are immaterial and only distract from the actual issues in this case. Despite plaintiff's attempts to distract from the issues, he concedes that the surviving shooting victim, Reginald Evans, repeatedly identified plaintiff as the shooter. Moreover, plaintiff has failed to establish that defendants fabricated any evidence against him. The Court should reject plaintiff's attempts to drown the record in irrelevant facts and grant summary judgment in defendants' favor on all claims.

# ARGUMENT

## POINT I

### PLAINTIFF HAS FAILED TO SHOW THAT THERE ARE MATERIAL FACTS IN DISPUTE

Plaintiff's opposition to defendants' motion for summary judgment confirms that there are no material facts in dispute. Plaintiff has conceded, without narrative or qualification, 37 of the facts set forth in defendants' Rule 56.1 statement, and has failed to meaningfully refute the facts he purports to dispute. See generally Plaintiff's Responses to Defendants' Statement of Allegedly Uncontested Facts As Well As Plaintiff's Counter Statement of Uncontested Facts ("Plf. 56.1"). In addition, plaintiff's Rule 56.1 counterstatement contains only 14 paragraphs, none of which contain material statements. See Defendants' Reply to Plaintiff's Statement in Opposition to Defendants' Local Civil Rule 56.1 Statement ("Defs. Reply 56.1.") at 7-11.

Rather than raising a genuine dispute as to any material fact, plaintiff has responded to defendants' Rule 56.1 statement by asserting additional facts that are irrelevant, extraneous, and/or do not controvert the material aspects of defendants' assertions. For example, paragraph 34 of defendants' Rule 56.1 statement states that shooting victim Reginald Evans identified plaintiff as the shooter in a photo array. Defs. 56.1 ¶ 34. In response, plaintiff denies sufficient knowledge to form a belief as to the truth of that statement, effectively conceding it, but goes on to lodge an irrelevant, argumentative response that does not controvert defendants' material factual statement. See Plf. 56.1 ¶ 34. Similarly, in response to paragraph 41 of defendants' Rule 56.1 statement, plaintiff admits that Evans identified plaintiff as the shooter in a lineup, but includes additional, extraneous statements to distract from that fact. See id. ¶ 41. Plaintiff's response to defendants' Rule 56.1 statement is replete with such non-responsive commentary that can only be viewed as an effort to create the illusion of disputed material facts where none exist. Plaintiff's extraneous,

non-responsive statements should be disregarded. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) (unsupported allegation in 56.1 Statement must be disregarded); see also Giglio v. Buonnadonna ShopRite, LLC, No. 06-CV-5191 (JS)(ARL), 2009 U.S. Dist. LEXIS 90111, at *1-2 n.1 (E.D.N.Y. Sept. 25, 2009) (defendant's Rule 56.1 statements deemed admitted where plaintiff's counterstatement of facts did not cite to admissible evidence, relied on unsupported conclusory allegations, and was nonresponsive to the facts asserted by defendants.)

Because there is no genuine issue as to any material fact, defendants are entitled to summary judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

## POINT II

**PLAINTIFF HAS FAILED TO REBUT DEFENDANTS' ARGUMENT THAT THERE WAS PROBABLE CAUSE TO PROSECUTE**

In his opposition, plaintiff has (1) failed to dispute that Reginald Evans's repeated identification of plaintiff provided probable cause to prosecute, and (2) failed to meet his burden of proving that his indictment was procured by bad faith conduct.

**A.  Plaintiff has failed to rebut defendants' argument that Evans's identification provided independent probable cause to prosecute.**

Plaintiff has failed to dispute that Reginald Evans's photo array and lineup identifications of plaintiff as the shooter provided probable cause independent of allegedly falsified evidence, which is fatal to his malicious prosecution claim. See Maldonado v. City of New York, 2014 U.S. Dist. LEXIS 26239, at *24 (S.D.N.Y. Feb. 26, 2014). Plaintiff's only attempt to refute probable cause is the allegation that, prior to identifying plaintiff, Evans described the shooter as "light-skinned," and that plaintiff is "darkly complected." Plf. Opp. at 1. However, Second Circuit courts uniformly hold that a later identification procedure can establish probable cause even where

a victim's initial description and a plaintiff's actual appearance differ. Morgan v. Cty. of Nassau, No. 13-CV-06524 (JMA) (GRB), 2017 U.S. Dist. LEXIS 22992, at *24 (E.D.N.Y. Feb. 17, 2017) (collecting cases). Here, regardless of Evans's initial description of the perpetrator, Evans identified plaintiff both in a photo array and a lineup before the prosecution was initiated. Defs. 56.1 ¶¶ 34-43. Accordingly, there was probable cause to prosecute and plaintiff's malicious prosecution claim fails.

B. **Plaintiff has failed to overcome the presumption of probable cause created by his indictment.**

Plaintiff has also failed to meet his burden of showing that his indictment was procured by fraud, perjury, suppression of evidence, or other bad faith conduct. See Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cir. 2010). While plaintiff sets forth a laundry list of purportedly bad faith conduct that is unsupported by admissible evidence, he has failed to link any of his baseless allegations to plaintiff's indictment. Rather, he states that he has presented "substantial evidence . . . which could have prevented an indictment," vaguely referring to his lengthy "Statement of Relevant Facts," which is filled with unsupported allegations, speculation, and hearsay. Plf. Opp. at 23. Because plaintiff's arguments lack specificity, defendants are forced to speculate as to the purportedly bad faith conduct by which plaintiff alleges his indictment was procured.

Arguing in support of his malicious prosecution claim, plaintiff first alleges that "suppression, destruction and alteration of evidence . . . could have prevented an indictment." Id. To the extent plaintiff is referring to the surveillance footage referenced in Angela Logan-Smith's testimony, that argument fails for the reasons identified in defendants' original memorandum. See Defendants' Memorandum of Law in Support of their Motion for Summary Judgment ("Defs. SJ Memo") Point I.A.iii. Indeed, plaintiff's recitation of Logan-Smith's testimony only reinforces

4

defendants' arguments. As plaintiff concedes, there is no evidence that either Detective Jaeger or Detective Gildea met with Logan-Smith or viewed the alleged surveillance video, and they cannot be held liable for any alleged failure by other police officers to preserve it.[1]

Moreover, even if any defendant *had* viewed the alleged video, plaintiff has failed to establish that presentation of the video to the grand jury would have prevented his indictment. Logan-Smith merely testified that the video depicted a person running and a car driving along Beach 56th Street at the approximate time of the shooting. Defs. 56.1 ¶¶ 51-53. There was no testimony suggesting that the person and the car were linked to the shooting, or that the video could have been utilized by the prosecution or defense. Therefore, plaintiff has failed to establish (1) that any defendant was personally involved in any "suppression, destruction or alteration of evidence" relating to the surveillance video, or (2) that any "suppression, destruction or alteration" of the surveillance video led to the procurement of his indictment.

Plaintiff next alleges that Detective Gildea "actively intimidated witnesses." Plf. Opp. at 23. Plaintiff is presumably referring to nonparty Henry McCummings, whose self-serving and unsubstantiated deposition testimony is entirely immaterial to this case. Only one fact about McCummings is relevant in this case: McCummings never identified plaintiff as the shooter, nor was McCummings involved in the procurement of plaintiff's indictment. Plaintiff states, in conclusory fashion, that "*clearly* a trail of lies were concocted to pressure [McCummings] to testify falsely he was the driver and Ferguson was the shooter." Plf. Opp. at 8-9 (emphasis added). While defendants dispute that any police officer pressured McCummings to identify plaintiff, the dispute

---

[1] The Second Circuit has rejected the notion that exculpatory information known to one police officer can be imputed to other officers. Savino v. City of New York, 331 F.3d 63, 74 (2d Cir. 2003) ("[The collective knowledge] doctrine *cannot* be used to impute to an officer 'facts known to some [other] members of the police force which exonerate an arrestee.'" (emphasis in original) (quoting United States v. Valez, 796 F.2d 24, 28 (2d Cir. 1986))).

5

is immaterial, as plaintiff has made no connection between the alleged coercive conduct and the indictment. See Greene v. City of New York, No. 08-CV-00243 (AMD)(CLP), 2017 U.S. Dist. LEXIS 37243, at *67 (E.D.N.Y. Mar. 15, 2017) (holding that the plaintiff failed to rebut probable cause where the plaintiff "made no connection between the defendants' allegedly coercive conduct toward witnesses and the indictment.").

Plaintiff next alleges that Detective Gildea "added disturbing lies to police documents which were different than those provided by a witness." Plf. Opp. at 23. To the extent plaintiff is referring Orris Wheeling's witness statement as memorialized in DD5 # 4 (See Defs. 56.1 ¶ 13), plaintiff's argument fails. As previously discussed, neither Wheeling's statements nor his photo array identification were presented to the grand jury or used to precure plaintiff's indictment in any way. See Defs. SJ Memo at 13. Regardless, the "evidence" on which plaintiff relies is inadmissible hearsay. See Defs. SJ Memo at 12-13. Accordingly, plaintiff cannot use Wheeling's hearsay statement to undercut the presumption of probable cause created by his indictment.

Because plaintiff has failed to meet his burden of overcoming the presumption of probable cause, his malicious prosecution claim fails.

C.     **Plaintiff has failed to establish malice.**

In an attempt to prove the malice element of his malicious prosecution claim, plaintiff first points to Detective Jaeger's "failure to memorialize in a DD5 and explore Evans's description of a light skinned man." Plf. Opp at 23. As an initial matter, plaintiff has failed to show that such an omission would constitute a "deliberate act punctuated with awareness of conscious falsity," which is required to establish malice. See Brogdon v. City of New Rochelle, 200 F. Supp. 2d 411, 423 (S.D.N.Y. 2002). Moreover, Detective Jaeger *did* in fact provide Evans's initial description to the prosecutor. Detective Jaeger made notes regarding Evans's description of the

shooter as "light-skinned" and provided those notes to the Assistant District Attorney prosecuting plaintiff's case. See Exhibit T to the Second Declaration of Geoffrey M. Stannard (Additional Excerpts from Detective Jaeger's Deposition) at 59:18-60:3. Accordingly, any omission of Evans's description of the shooter as "light-skinned" from a DD5 is irrelevant in light of the record evidence that Detective Jaeger provided his notes to the prosecutor, and plaintiff's attempt to obfuscate facts that undermine his argument should be rejected.

Plaintiff also vaguely references "the focus on [plaintiff] with quite literally no evidence connecting him to the crime." Plf. Opp. at 23. As is clear from the record, there was <u>substantial</u> evidence connecting plaintiff to the crime, including the surviving victim's <u>repeated</u> identification of plaintiff as the shooter. Plaintiff's self-serving statement is therefore facially absurd. Accordingly, because he cannot establish malice, plaintiff's malicious prosecution claim fails on this basis as well.

Because plaintiff has failed rebut any of defendants' arguments in favor of dismissal of his federal and state law malicious prosecution claims, the Court should grant summary judgment as to those claims.

## POINT III

### PLAINTIFF HAS FAILED TO ESTABLISH THAT DEFENDANTS FABRICATED EVIDENCE

Plaintiff fails to rebut any of defendants' arguments in favor of dismissal of plaintiff's denial of fair trial claim. As with his malicious prosecution claim, plaintiff spends only a few sentences applying the facts to his claim, and has not directly responded to any of defendants' arguments. Once again, plaintiff has provided very little detail, forcing defendants to speculate as to the specific conduct plaintiff purports to assert in support of his claim.

First, plaintiff alleges that defendants fabricated "fraudulent statements [defendants] added on behalf of Wheeling." Plf. Opp. at 24. As defendants have explained, however, there is no *admissible* evidence in the record suggesting that Wheeling's statements were fabricated. See Defs. SJ Memo, Part II.A. In fact, plaintiff has entirely failed to respond to defendants' argument that Wheeling's hearsay statements—allegedly memorialized by a private investigator over four years after the incident—cannot be used to create a dispute of fact in order to avoid summary judgment. The Court should therefore deem defendants' argument regarding the inadmissibility of Wheeling's hearsay statements unopposed.

Plaintiff also points to alleged *Brady* violations in support of his fair trial claim: defendants' alleged failure to generate a DD5 regarding Evans's initial identification of the shooter as "light-skinned"; and the alleged "failure to document the video and to have that video and a key witness's name preserved." Plf. Opp. at 24. However, plaintiff entirely ignores defendants' threshold argument on this issue: that plaintiff's acquittal after a jury trial precludes any Section 1983 due process claim based on an alleged suppression of evidence. See Ventillo v. Falco, No. 19-CV-03664 (PMH), 2020 U.S. Dist. LEXIS 239540, at *34 (S.D.N.Y. Dec. 18, 2020). Furthermore, as set forth in Point II above, Detective Jaeger conveyed Evans's "light-skinned" description to the prosecuting Assistant District Attorney in the form of his handwritten notes. Even if that information was exculpatory, which defendants submit it was not, it was certainly not suppressed. And again, even if there was evidence suggesting that the surveillance video was exculpatory, which there is not, no defendant took part in any alleged suppression of either the video or the identity of Logan-Smith, as neither Detective Gildea nor Detective Jaeger viewed the video or met with Logan-Smith.[2]

---

[2] Plaintiff also references alleged eyewitness Winter Carter his statement of facts and Rule 56.1 counterstatement, seemingly implying that Ms. Carter's testimony is somehow relevant to this case. See

8

Plaintiff also references "fraudulent reports of a Ford Escape,"[3] without elaboration. Plf. Opp. at 24. This "argument" fails for several reasons. First, Wheeling told nonparty Police Officer Alfonso Vargas, who arrived on the scene before Detective Gildea and Detective Jaeger, that the perpetrator fled in a dark gray Ford Escape. Defs. 56.1 ¶ 6. Then, at 8:18 p.m., two minutes before Detective Gildea and Detective Jaeger arrived at the scene, an officer made a radio report of a dark gray Ford Escape heading westbound. Defs. 56.1 ¶¶ 7-8. Plaintiff does not dispute that an officer made a radio report of a dark gray Ford Escape before Detective Gildea and Detective Jaeger arrived at the scene. Plf. 56.1 ¶¶ 7-8. Accordingly, because a dark gray Ford Escape had been independently reported by other officers before Detective Gildea and Detective Jaeger became involved, plaintiff cannot claim that he suffered any deprivation as a result of Detective Gildea's reference to a dark gray Ford Escape in a DD5.

Finally, plaintiff alleges that "witnesses were coerced to lie." Plf. Opp. at 24. Any allegation that Evans, Wheeling, or McCummings were "coerced to lie" in violation of plaintiff's fair trial rights fails. First, as discussed in defendants' original memorandum, Evans himself denies being pressured into making any identification. See Ex. A (Evans Trial Test.) at 1099:24-1100:4. Second, the evidence upon which plaintiff relies to suggest that Wheeling was coerced is inadmissible hearsay. Regardless, the alleged "coerced lies" were not used in plaintiff's prosecution, and were therefore not the proximate cause of any deprivation of liberty. Finally, any

---

Plf. Opp at 21; Plf. 56.1 ¶¶ 5-6. Winter Carter, however, testified that she never told any police officer what she allegedly witnessed on May 3, 2013. See Ex. U (Deposition of Winter Carter) at 69:25 – 70:23. Accordingly, plaintiff cannot use any fact regarding Ms. Carter to support any of his claims.

[3] Plaintiff appears to contradict himself on this point, as he concedes that "Eyewitness Orris Wheeling identified the car on the scene on the day of the incident as a 'dark gray Ford Escape.'" Declaration of Fred Lichtmacher dated May 17, 2021, at 4.

alleged coercion of McCummings, who denies lying or identifying plaintiff as the perpetrator, had no effect on the prosecution or any deprivation of liberty.

Accordingly, because plaintiff has failed to show that defendants fabricated any evidence in violation of his right to a fair trial, the Court should grant summary judgment as to plaintiff's denial of fair trial claim.

## POINT IV

**PLAINTIFF HAS FAILED TO DISPUTE THAT DETECTIVE GILDEA AND DETECTIVE JAEGER ARE ENTITLED TO QUALIFIED IMMUNITY**

In opposition to defendants' argument that Detective Gildea and Detective Jaeger are entitled to qualified immunity, plaintiff merely states that "it is well established that it is unreasonable for officers to perform the acts alleged herein," without further explanation. Plf. Opp. at 25. Plaintiff has failed to rebut defendants' argument that Evans's photo array and lineup identifications provided, at the very least, arguable probable cause to prosecute. See Defs. SJ Memo, Point III. Likewise, plaintiff has failed to rebut defendants' argument that plaintiff has failed to establish any conduct that a reasonable officer would have believed violated plaintiff's right to a fair trial. Accordingly, the Court should find that Detective Gildea and Detective Jaeger are entitled to qualified immunity on both claims.

# **CONCLUSION**

For the reasons stated herein, plaintiff has failed to meaningfully oppose defendants' motion for summary judgment. Accordingly, defendants City of New York, Detective Michael Gildea, and Detective Quinn Jaeger respectfully request that the Court grant defendants' summary judgment motion in its entirety.

Dated: New York, New York
June 22, 2021

> JAMES E. JOHNSON
> Corporation Counsel of the
>   City of New York
> *Attorney for Defendants City of New York,*
>   *Jaeger, and Gildea*
> 100 Church Street, Third Floor
> New York, New York 10007
> (212) 356-2409

By: *GStannard*

> Geoffrey M. Stannard
> *Assistant Corporation Counsel*
> Special Federal Litigation Division

cc: **BY ECF**
Fred Lichtmacher, Esq., *Attorney for Plaintiff*