

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX** | **LAW DEPARTMENT** | **MARK D. ZUCKERMAN** |
| *Corporation Counsel* | 100 CHURCH STREET | Senior Counsel |
| | NEW YORK, NY 10007 | E-mail: mzuckerm@law.nyc.gov |
| | | Phone: (212) 356-3519 |
| | | Fax: (212) 788-9776 |

December 28, 2023

**VIA ECF**
The Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:  <u>Rashaud Ferguson v. City of New York, et. al.</u>, 17 Civ. 6871 (ENV)(SJB)

Your Honor:

        I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Michael Gildea and Quinn Jaeger in the above referenced matter.  Defendants hereby respond to plaintiff's letter motion at Docket 112 to supplement the record on appeal with excerpts from the deposition transcripts of Alfonso Vargas, Michael Gildea, and Henry McCummings herein, as well as the underlying trial transcript from plaintiff's criminal trial, all of which plaintiff concedes was not before or considered by the Court during the summary judgment proceedings, and which resulted in the dismissal of plaintiff's complaint with prejudice.  For the reasons set forth herein, plaintiff's motion should be denied.

        Plaintiff's motion is devoid of any legal authority whatsoever supporting his application.  The applicable rule, however, is Rule 10(e)(2)(B), Federal Rules of Appellate Procedure, which states in pertinent part that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: by the district court before or after the record has been forwarded."  <u>Id</u>.

        A motion to supplement the appellate record "is not a device for presenting evidence to th[e Appellate Court] that was not before the trial judge."  <u>Natofsky v. City of New York</u>, 921 F.3d 337, 344 (2d Cir. 2019).  The Second Circuit Court of Appeals "consider[s]

evidence outside the record before the district court only in 'extraordinary circumstances,'" such as to clarify the Appellate Court's "'understanding of the process by which the District Judge reached the decision challenged on appeal.'"  See Debernardo v. Lowe's Home Centers, 2023 U.S. App. LEXIS 4938, at *6 (2d Cir. March 1, 2023) (Summary Order) (quoting Salinger v. Random House, Inc., 818 F.2d 252, 253 (2d Cir. 1987)).  "Rather, the purpose of Rule 10(e) is to 'correct omissions from-or misstatements in-the record on appeal, not to introduce new evidence to the Court of Appeals.'"  Carrington Capital Mgmt., LLC v. Spring Inv. Servs., 3:06 Civ. 1665 (WWE), 2008 U.S. Dist. LEXIS 36345, at *6 (D. Ct. May 5, 2008) (quoting Schreier v. Weight Waters Northeast Region, 872 F. Supp. 1, 3 (E.D.N.Y. 1994)).

       Pursuant to the foregoing authorities, plaintiff's motion easily fails.  First, it is undisputed that the deposition and criminal trial testimony that plaintiff now seeks to add to the record on appeal was not before and therefore not considered by this Court during the summary judgment proceedings.  It is therefore inappropriate for the Appellate Court to now consider such materials.  Second, plaintiff has not pointed to any "extraordinary circumstances" justifying his application, much less any caselaw supporting such a notion.  In fact, plaintiff did not nothing to correct his own purported error (which is unsupported by affidavit or declaration and presented in the most conclusory of manners) for approximately 2 ½ years, and until well after this Court decided defendants' summary judgment motion against plaintiff.  Third, plaintiff has made no showing whatsoever that the materials he now wishes to add to the record on appeal are "material" as required by Rule 10(e)(2)(B), Federal Rules of Appellate Procedure.  All that plaintiff's motion establishes is that the foregoing materials were omitted from the summary judgment record before this Court and that plaintiff now wants to add them to the record on appeal.  Plaintiff's showing is woefully insufficient and his motion should be denied.

       Thank you for your consideration herein.

       Respectfully submitted,

       /s/ Mark D. Zuckerman

       Mark D. Zuckerman
       Senior Counsel

cc:    Fred Lichtmacher, Esq. (via ECF)